IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMERGENCY STAFFING SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | No: 3:06-CV-0348-M |
| RICHLAND PARISH HOSPITAL SERVICE DISTRICT #1A d/b/a RICHLAND PARISH HOSPITAL – DELHI | § § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or Alternatively, to Transfer Venue, filed on March 3, 2006. Because the Court finds that it does not have personal jurisdiction over the Defendant, but that the Western District of Louisiana does have such jurisdiction, the Motion to Transfer is **GRANTED**.

### I. FACTUAL BACKGROUND

The Defendant Richland Parish Hospital Service District #1A ("Hospital" or "Defendant"), a Louisiana hospital and political subdivision of Louisiana, entered into an Emergency Department Services Agreement ("Contract") with the Plaintiff Emergency Staffing Solutions, Inc. ("ESS" or "Plaintiff"), a Texas corporation. The Contract was an agreement for ESS to provide emergency physician staffing services to the Hospital in Louisiana.

The Contract was executed by the Defendant in Louisiana and by the Plaintiff in Texas. Communications between the parties during the negotiation and performance of the Contract

1

consisted of telephone conversations and letters. The Contract stipulated that all communications, including all payments, made by the Hospital to ESS were deemed to occur in Texas. The Contract also included a choice of law provision, which stated that Texas law governs the Contract. In its efforts to provide physicians to the Hospital's emergency department in Louisiana, it is undisputed that ESS undertook the following activities in Texas: expended resources and efforts to recruit physicians, obtained professional liability insurance, calendared physicians for dispatch to the Hospital, made payment to physicians, and invoiced the Defendant. The Defendant sent nine payments to ESS in Texas.

Plaintiff ESS filed suit for breach of contract and breach of restrictive covenant in the 116th Judicial District Court of Dallas County, Texas on January 18, 2006.[1] The Defendant removed the suit to federal court on the basis of diversity jurisdiction on February 24, 2006. The Defendant now moves to dismiss for lack of personal jurisdiction and improper venue, or in the alternative, to transfer venue.

## II. STANDARD OF REVIEW

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). If the district court "rules on the motion without an evidentiary hearing, the plaintiff may satisfy its burden by presenting a *prima facie* case for jurisdiction." *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999). In deciding whether a plaintiff has made a *prima facie*

---

[1] *Emergency Staffing Solutions, Inc. v. Richland Parish Hosp. Serv. Dist. #1A d/b/a Richland Parish Hosp. – Dehli*, Cause No. 06-00584.

case, the Complaint's uncontroverted allegations must be taken as true, and factual conflicts must be resolved in favor of the plaintiff. *Id.* However, even "uncontroverted facts must still be sufficient to affirmatively show personal jurisdiction." *Kisiel v. RAS Sec. Corp.*, No. 3:01-CV-294-X, 2001 WL 912425, at *3 (N.D. Tex. Aug. 9, 2001) (Kendall, J.) (internal citation omitted).

The Court may exercise personal jurisdiction over a nonresident defendant if (1) the Texas long-arm statute establishes personal jurisdiction over the defendant and (2) the exercise of personal jurisdiction is consistent with the United States Constitution's due process requirements. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Because the Texas long-arm statute "reaches to the constitutional limits," *id.* at 470, the Court need only concern itself with the due process analysis.

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant if:

> (1) [the] defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." To comport with due process, the defendant's conduct in connection with the forum state must be such that he "should reasonably anticipate being haled into court" in the forum state.

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 2001) (internal citations omitted).

Two categories of conduct may constitute the requisite minimum contacts with the forum state: "acts specific to the instant suit, which grant a court specific jurisdiction over a defendant;

3

or transactions, although unrelated, that are of such a 'continuous and systematic' nature as to be 'sufficient to allow a court to assert [general] jurisdiction over the party.'" *Lexington Servs. Assocs., Ltd. v. 730 Bienville Partners, Ltd.*, No. CIV.A.3:01CV1180-M, 2001 WL 1545764, at *2 (N.D. Tex. Dec. 3, 2001) (Lynn, J.).

## III. ANALYSIS

The Hospital asserts that the Court lacks personal jurisdiction over it due to insufficient contacts with Texas, the forum state.[2] ESS maintains that the recruitment, calendaring, and payment of physicians by ESS in Texas; the liability insurance obtained by ESS in Texas; the nine payments sent by the Hospital to Texas; and the Hospital's agreement to a Texas choice of law provision establish sufficient minimum contacts, demonstrating that the Hospital purposefully availed itself of the benefits and protections of Texas and should have reasonably anticipated being haled into a Texas court.

The mere fact of "contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (internal citations omitted). In contract cases, the Fifth Circuit evaluates the place of contractual performance to determine whether a contract with a Texas resident is sufficiently purposeful to satisfy minimum contacts. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992); *Barnstone v. Congregation Am Echad*, 574 F.2d 286, 288 (5th Cir. 1978); *Goodworth Holdings Inc. v. Suh*, No. Civ.A. 3:00-CV-1871, 2001 WL 910388, *3 (N.D. Tex. Aug. 3, 2001) (Lynn, J.). In determining the place of contractual performance,

---

[2] Plaintiff does not argue that the Court has general jurisdiction over the Defendant. Therefore, the Court addresses only whether it has specific jurisdiction.

unilateral activity by the plaintiff cannot satisfy the requirement of contact with the forum state. *Barnstone*, 574 F.2d at 289 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) (plaintiff architect's drawings and models created in Texas for construction in Maine were unilateral performance); *see Goodworth*, 2001 U.S. Dist. LEXIS 11283, at *9 (plaintiff's work soliciting investors in Texas was unilateral performance). In *Jones*, the Fifth Circuit found that the actions of a Texas corporation, in performance of a contract with a foreign corporation, to employ Texas residents, arrange their work schedules, and obtain insurance in Texas were not sufficient to create minimum contacts for the foreign corporation. 954 F.2d at 1068-69. Similarly in this case, the actions of ESS to recruit, calendar, and pay physicians and to obtain professional liability insurance are unilateral actions by ESS and do not constitute contacts to support personal jurisdiction over the Hospital in Texas.

Although a defendant's actions are considered in evaluating the place of contractual performance, Fifth Circuit precedent establishes that limited contacts such as communications and payments in performance of a contract are insufficient to constitute minimum contacts with a forum state. *See Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) (communications for execution and performance of contract and wiring payments, but no jurisdiction); *Hot Oil & Gas Corp.*, 801 F.2d at 778 (extensive telephonic and written communications and three checks sent, but no jurisdiction); *Stuart v. Spademan*, 772 F.2d 1185, 1188,1192 (5th Cir. 1985) (letters, telephone calls, and eight payments, but no jurisdiction). Thus, the communications from the Hospital to ESS in Texas and the nine payments made to ESS in Texas fail to create sufficient minimum contacts to establish personal jurisdiction over the Hospital.

Regarding the choice of law provision in the Contract, ESS contends that the provision demonstrates that the Hospital anticipated being haled into court in Texas and waived its right to claim lack of personal jurisdiction in Texas. However, the Fifth Circuit in *Stuart* emphasized that choice of law provisions contemplate choice of law, not forum. *Stuart*, 772 F.2d at 1195 (finding that a choice of law provision itself does not evince a defendant's anticipation of being haled into a Texas court). Therefore, the choice of law provision in this case, stating that Texas law governs the Contract, neither establishes minimum contacts nor waives the Defendant's right to claim lack of personal jurisdiction over it in Texas.

Even taking all of ESS's factual allegations as true, ESS has failed to present a *prima facie* case for jurisdiction over the Hospital. Thus, the Court finds that it lacks personal jurisdiction over the Hospital.[3] However, if a case is filed in the wrong district, 28 U.S.C. § 1406(a) authorizes a district court to transfer a case to any district or division in which it could have been brought "if it be in the interest of justice." 28 U.S.C. § 1406(a). In *Goldlawr, Inc. v. Heiman*, the Supreme Court stated that "§1406(a) is amply broad enough to authorize the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not." 369 U.S. 463, 466 (1962). Hence, a court's lack of personal jurisdiction does not divest it of the power to transfer a case. *FAS Techs., Ltd. v. Dainippon Screen Mfg. Co., Ltd.*, No. Civ.A.3:98CV2842G, 2000 WL 193621, at *2 (N.D. Tex. Feb. 16, 2000) (Fish, J.) (citing *Bentz v. Recile*, 778 F.2d 1026, 1027 (5th Cir. 1985)) (transferring a case when the Northern District of Texas did not have personal jurisdiction over the defendant). It is undisputed that the Hospital is

---

[3] Because the Court finds that the Hospital does not have minimum contacts with the forum state, analysis of whether the exercise of jurisdiction over the Hspital comports with traditional notions of fair play and justice is not necessary.

a resident and domiciliary of the state of Louisiana.[4] The Court finds that this case could have been brought in the Western District of Louisiana – Monroe Division and that transfer there would be in the interests of justice.[5]

## IV. CONCLUSION

Accordingly, Defendant's Motion to Dismiss is **DENIED**, but its alternative Motion to Transfer is **GRANTED**. This case is hereby transferred to the Western District of Louisiana – Monroe Division.

**SO ORDERED.**

July 7, 2006.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[4] The Hospital is located in Richland Parish, which is part of the Western District of Louisiana – Monroe Division.

[5] Plaintiff agrees to this relief if Defendant's challenge to jurisdiction in granted. *See* Pl.'s Resp. at 9-10 (requesting transfer to the Western District of Louisiana – Monroe Division, in the alternative).